# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| Isaac T.L. Gould, Sr., | ) |
|                         Petitioner, | )  **ORDER** |
| vs. | ) |
| | )  Case No. 4:14-cv-019 |
| W.C.C.C. | ) |
| Lt. R. Crones | ) |
| State of North Dakota | ) |
|                         Respondents. | ) |

Petitioner, Isaac T.L. Gould, Sr. ("Gould") is a pretrial detainee at the Williams County Correction Center ("WCCC") in Williston, North Dakota.[1] On February 18, 2014, he filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[2] He asserts four grounds for relief:

> Ground One: Inadequate medical care - refused me my proper footwear - and foot re-broke. Foot is still broken - forced to walk on it and endure prolonged pain and suffering - More spasms due to more nerve damage.
>
> Ground Two: Inadequate Healthcare - Cruel and Unusual Punishment - Right Hand - 3rd digit broken in January as of (02-11-14) Still no pain meds - finger - still broken unusable per P.A. Put today she again ordered x-rays (2nd time) and Motrin.
>
> Ground Three: Physicians Assistant wrote orders for x-rays on 2-04-14 and 600 mg of Motrin - neither one happened. The jail only picks and choses certain ones to take care of cruel - unusual punishment - prolonged - causes nerve damage.
>
> Ground Four: No copies of medical requests after seeing Dr, nurses, or physicians assistant.

---

[1] A cursory review of records available to the public on the North Dakota Supreme Court's website indicates that there are a combined eight criminal cases currently pending against Gould in the Williams County district court and the Williston municipal court.

[2] Lieutenant Crones is presumably the individual who has custody over Gould and therefore the proper respondent. 28 U.S.C. § 2242 (mandating that applications for habeas corpus relief "allege the name of the person who has custody over the petitioner and by what claim or authority, if known."). Neither the WCCC nor the State of North Dakota are not proper respondents, however. Id.

1

(Docket No. 2) (errors in original). He seeks the following relief:

> Petitioner requests the court to grant an emergency injunction on/against State of N.D., W.C.C.C. and staff to prohibit any further subjection of petitioner to cruel and unusual punishment by State of North Dakota, W.C.C.C. and staff. Furthermore, petitioner requests immediate release of petitioner from custody on a PR/or bond to seek proper medical care and that W.C.C.C. incurr all medical costs accrued since 08-08-2013 for said Petitioner. Also W.C.C.C. and staff undergo a federal inquiry for it's whole internal workings. Said Petitioner has all ties in this community and cannot leave without personal damage to his soul financial livelyhood for he and his family.

(Id.) (errors in original).

Although Gould is seeking his immediate release from custody, his grounds for relief do not affect the fact or duration of his pretrial detention; he is not challenging the legality of his pretrial detention and the favorable resolution of this matter does not automatically entitle him to release from custody. As his claims fall outside the "core" of habeas corpus, they are not cognizable under the guise of a § 2241 petition. See Merryfield v. Kansas, No. 09–3140, 2009 WL 3125470, at * 2 (D. Kan. Sept. 25, 2009) ("Constitutional attacks upon conditions of confinement that do not affect the fact or duration of that confinement, are not grounds for federal habeas corpus relief and are therefore not cognizable in a habeas corpus petition."); see also Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option." ); McBarron v. Jeter, 43 Fed. App'x 857 (5th Cir. 2007) (*per curiam*) (holding that a federal prisoner's claims of deliberate indifference to serious medical needs were not cognizable in a federal habeas action); Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (dismissing a habeas petition without prejudice to allow a prisoner to properly file his claims as a § 1983 action); Sullivan v. United States, 90 F. App'x 862, 863 (6th Cir. 2004)

(opining that "§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence."); Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002) ("[U]nless the claim would fall within the "core of habeas" and require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983."); Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) ("Petitioner has raised a variety of state law claims that are not cognizable in habeas. Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983. We have endorsed this distinction and have recognized that federal claims challenging the conditions of his confinement generally do not arise under § 2241." (internal citations omitted)); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. A civil rights action, in contrast, is the proper method of challenging conditions of ... confinement." (internal citations and quotations omitted)); Warman v. Philips, No. 1:08cv217, 2009 WL 2705833, at *3 (N.D.W.Va. Aug. 25, 2009) (recognizing that a § 2241 petition typically "may not be used to challenge [an] inmate's conditions of confinement); Smith v. United States, No. 6:01-2287-13, 2001 WL 34684724, at *5 (D.S.C. May 25, 2001) (citing Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990), for the proposition that a prisoner's claim of denial of medical care was a civil rights claim as opposed to a habeas claim). The proper vehicle for presenting claims pertaining to the adequacy of medical treatment in the present context is a civil action under 42 U.S.C. § 1983. And it should be noted that, when filing his petition for habeas

corpus relief, Gould simultaneously initiated such an action.[3]

In any event, even if the court were to conclude that Gould's claims are cognizable under § 2241, his petition is still subject to dismissal without prejudice under the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37, 43-44 (1971) (instructing federal courts to refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."); see also Gibson v. Orleans Parish Sheriff, No. 12–2632, 2013 WL 5290014, at *2 (E.D. La. Aug. 12, 2013) ("A petitioner must satisfy the Younger abstention hurdles before a court may give habeas relief."); Burdine v. Burgess, No. 09–3237–SAC, 2009 WL 4377597, at * 1 (D. Kan. Dec. 2, 2009) (dismissing a pretrial detainee's § 2241 habeas application without prejudice pursuant to the Younger abstention doctrine).

"The Younger abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010); see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982) (recognizing that a federal court may involve itself in a pending state proceeding if there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate[.]").

Here, criminal proceedings of paramount importance to the State are currently pending

---

[3]On February 18, 2014, Gould initiated an action under 42 U.S.C. § 1983 with the submission of a proposed complaint and application to proceed *in forma pauperis*. See Gould v. North Dakota, et. al., Case No. 4:14-cv-018 (D.N.D.). The claims he asserts in the proposed complaint mirror the grounds for relief set forth in the instant habeas petition.

against Gould. See Younger, 401 U.S. at 44-45 (state court criminal matters are of paramount state interest); see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1,14 n. 12 (1987) (recognizing that a state has an important interest "in protecting the authority of [its] judicial system, so that its orders and judgments are not rendered nugatory"); Harris v. Gee, No. 8:12–cv–790, 2012 WL 3156589, at * 1 ( M.D. Fla. Aug. 3, 2012) ("In the interests of comity, federal courts abstain from becoming involved in state court proceedings with few exceptions. Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand."). As there is nothing preventing Gould from adequately addressing the fact of his pretrial detention in state court, this court must stay its hand.

Accordingly, Gould's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 2) is **DISMISSED** without prejudice. Dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Hence, no appeal may be taken *in forma pauperis* and no Certificate of Appealability under 28 U.S.C. § 2253(c)(2) will be issued. Cf. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated this 11th day of March, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court